**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JACKIE IRWIN,** | § | |
| **Individually and on Behalf** | § | |
| **of Others Similarly Situated,** | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | |
| | § | **5:16-cv-525** |
| **WHITE CASTLE ROSE, LLC, and** | § | ______________________ |
| **BOBBY MCCONAL, Individually and** | § | |
| **and in his Official Capacity,** | § | |
| **Defendants.** | § | |

---

**PLAINTIFFS' ORIGINAL INDIVIDUAL**
**AND COLLECTIVE ACTION COMPLAINT**

---

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Jackie Irwin ("Mr. Irwin" or "Plaintiff"), individually and on behalf of others similarly situated, complains of White Castle Rose, LLC ("White Castle") and Bobby McConal (Mr. McConal"), hereinafter referred to as "Defendants", and for cause of action respectfully shows unto the Court the following:

## INTRODUCTION

1. Plaintiff brings this collective action to recover unpaid overtime wages and other damages under Section 216 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. While employed with Defendant, Plaintiff and other workers similarly situated to him worked in excess of 110 to 120 hours per week, 7 days a week (for weeks at a time) as a Vacuum Truck Operator. However, these workers never received overtime for all of the hours that they worked well in excess of 40 hours in a single workweek. Instead of paying overtime as required by the FLSA, Defendants paid these workers a 25% commission based on the amount of each load that

was hauled, with no overtime pay whatsoever. Some of the Accordingly, this collective action seeks to recover monetary damages, liquidated damages, punitive damages, pre and post-judgment interest, civil penalties and costs, and reasonable attorneys' fees as a result of Defendants' egregious policy and practice of failing to pay Plaintiff and others similarly situated overtime compensation for the hours in excess of 40 hours in a single week that they were made to work.

## JURISDICTION AND VENUE

2. The subject matter in controversy is within the jurisdictional limits of this Court.

3. Subject matter jurisdiction exists because Plaintiff, as well as other similarly situated employees, has engaged in commerce.

4. Further, jurisdiction exists because the enterprise's annual gross volume of sales made or business done is at least $500,000, and at least two employees are engaged in commerce.

5. The FLSA authorizes Court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions against the company and/or its decision-making officers and managers. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue in this district is also proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants regularly conduct business in this district.

## PARTIES AND SERVICE

7. Plaintiff, Jackie Irwin ("Mr. Irwin"), is an individual who normally resides in Beeville, Bee County, Texas; however, since his employment began for Defendant, Plaintiff has been living in company truck going from location to location. Defendant has a "man camp" located in or about Dilley Texas; however, the condition are abhorrent and not livable. Plaintiff is currently working for Defendant as a Vacuum Truck Operator, and has been employed from

December of 2015 to Present. He is stationed at various drilling sites throughout the Texas area.

8. Plaintiff Mr. Irwin brings this action on behalf of himself and all other similarly situated workers who were improperly paid a commission based on each load hauled with no overtime premium for hours that they worked in excess of 40 hours in a workweek pursuant to FLSA 29 U.S.C. § 216(b) (the "FLSA Class"or "Class Members"). The FLSA Class was subjected to the same FLSA violations as Mr. Irwin, and they are properly defined as:

ALL CURRENT AND FORMER EMPLOYEES OF WHITE CASTLE ROSE, LLC, THAT WERE EMPLOYED AS VACUUM TRUCK OPERATORS DURING THE PAST THREE (3) YEARS WHO RECEIVED A COMISSION-BASED PAY WITH NO OVERTIME COMPENSATION.

The members of the FLSA Class are easily ascertainable from Defendants' business records, particularly personnel records.

9. Defendant, White Castle Rose, LLC ("White Castle"), is a domestic limited liability company with its principle address listed at P.O. Box 355, in Devine, Medina County, Texas 78016. It may be served with process by serving its registered agent, Bobby McConal at 211 Loma Vuelta, in Kerrville, Texas 78028.

1. Defendant, Bobby McConal is listed as the only Managing Member of White Castle Rose, LLC, and is an individual that resides in the State of Texas. Bobby McConal may be served with process at 211 Loma Vuelta, in Kerrville, Texas 78028. McConal is the owner of White Castle. This Defendant helps lead the global direction of White Castle and manages the day-to-day priorities of White Castle from a strategic perspective. He manages relationships with strategic entities. McConal manages key external relationships to White Castle (insurance payers, potential buyers of White Castle, etc.). McConal manages all employees and staff directly and controls the

salary and raises of any individual who performs services for White Castle. McConal controls the salary and raises of any individual who works at White Castle. Only McConal has the authority to manage pay for staff and Employees. McConal has the power to hire and fire employees; supervise and control employee work schedules and conditions of employment; determine the rate and method of payment; and maintain employment records.

## **FACTUAL BACKGROUND**

10. Defendant White Castle Rose, LLC is an oilfield service company doing business in the South Texas area.

11. In December of 2015, Plaintiff Mr. Irwin began working for Defendants as a W-2 Vacuum Truck Operator. Plaintiff worked at various site locations throughout the Texas area. None of Plaintiffs work was out of Texas. It was all performed in Texas. Any driving occurred only in Texas. Plaintiff and the Class Members' duties were to load and unload whatever equipment and materials were being hauled, limiting the amount of time Plaintiff was actually driving a vehicle to approximately only 20%. When on well site, Plaintiff would rig up equipment such as vacuum hoses, winch connections, loading and unloading open top tanks and attach and detach heavy chains, chain the tanks down; running "end dump" and various other duties unrelated to driving.

12. The duties which Plaintiff and the Class perform are not limited solely to driving and transportation.

13. Plaintiff and Class Members are blue-collar workers. They rely on their hands, physical skills, and energy, to perform labor in the oilfield. White Castle requires them to have mechanical skills.

14. From December of 2015 to Present, Plaintiff, and others similarly situated, are

currently being asked to work in excess of 110 to 120 hours per week.

15. In the field, Plaintiffs and the Class Members are primarily engaged in manual labor duties.

16. Plaintiff and Class Members exercise little to no discretion in performing their jobs. Rather, Plaintiff and Class Members perform duties that are specifically assigned by their supervisors or other officials.

17. Plaintiff and Class Members have no input as to staffing jobs or setting production goals. All decisions regarding staffing and production are handled by upper-level managers.

18. Plaintiff and Class Members do not manage a customarily recognized department or subdivision of White Castle Rose, LLC.

19. Plaintiff and Class Members do not direct the work of any other full-time employees or their equivalent.

20. Defendant never paid Plaintiff, and others similarly situated, any overtime for work exceeding 40 hours per week, and improperly misclassified Mr. Irwin as exempt from overtime pay.

21. The daily and weekly activities of the Putative Class Members—all of whom have performed substantially similar job duties related to servicing oil and gas operations in the field—were routine and largely governed by standardized plans, procedures, and checklists created by Defendant and/or its clients.

22. Virtually every job function was pre-determined by Defendant and its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

23. Plaintiff and Class Members have no discretion to hire or fire employees. All

decisions regarding hiring and firing are handled by upper-level managers.

24. Plaintiff and Class Members have no authority to discipline or promote employees. All decisions regarding discipline or promotions are handled by upper-level managers.

25. Plaintiff and Class Members have no authority to enter into agreements or contracts with clients or customers. All decisions regarding customer agreements or contracts are handled by upper-level managers.

26. Plaintiff and Class Members have no independent authority to spend company funds.

27. Plaintiff and the Class are classified as non-exempt from the overtime pay mandates of the FLSA and corresponding state wage and hour laws.

28. Plaintiff and the Class are paid a commission dependent on each load hauled, regardless of the number of hours worked each week.

29. Plaintiff estimates that he routinely work in excess of Eighteen (18) hours or more per day during many of his shifts. Plaintiff has observed that the members of the Class routinely work similar schedules, which is common in the industry.

30. Plaintiff has worked continuously since he began working with defendant. Plainitff has only had a handful of days off since December of 2015. This same type of work schedule holds true for other similarly situated workers. They rarely have a day off. The commission that Plaintiff and the Class are paid do not take into account the number of hours worked by Plaintiff and the Class in a given workweek.

31. The commission that Plaintiff and the Class receive are not determined with reference to any assigned hourly rate.

32. There can be little doubt that White Castle has personnel to advise it on its FLSA

compliance obligations, yet it failed to properly classify Plaintiff and members of the Class as non-exempt.

33. The Putative Class Members have been prohibited from varying their job duties outside of the pre-determined parameters. Finally, for the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

34. Despite the fact that it knew or should have known that Plaintiff and members of the Class perform non-exempt duties, and knew or should have known the contours of the FLSA, White Castle continues to deliberately misclassify Plaintiff and Class Members as exempt, and continues to pay them a commissioned rate in order to avoid paying overtime for all hours worked.

35. As such, Defendant has only paid Plaintiff and the Putative Class Members a commissioned rate without any overtime compensation whatsoever for hours worked in excess of 40 hours per week, even though the controlling law dictates that all such employees were non-exempt and thus owed back overtime wages. Specifically, Defendant has not paid Plaintiff and the Putative Class time and a half for hours worked over 40 hours per week.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Class, as defined above.

37. Plaintiff desires to pursue their FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

38. Plaintiff and the Class are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, inter alia, all such individuals currently work or have worked pursuant to White

Castle's previously described common business and compensation practices as described herein, and, as a result of such practices, have not been paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including, inter alia, White Castle's common compensation, timekeeping and payroll practices.

39. Specifically, White Castle paid Plaintiff and Class commissions based on the loads being hauled, regardless of the number of hours that Plaintiffs and the Class actually worked.

40. The commissions paid to Plaintiff and the Class by White Castle are not related to any overtime rate calculated from salary payments.

41. The similarly situated employees are known to White Castle, are readily identifiable, and can easily be located through White Castle's business and human resource records.

42. White Castle employs many Class Members. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

43. White Castle has acted willfully and with reckless disregard of clearly applicable FLSA provisions by failing to compensate Plaintiffs and the Class for hours worked in excess of 40 per week.

## CAUSES OF ACTION
## COUNT I
## Violation of the Fair Labor Standards Act ("FLSA") of 1938
## 29 U.S.C. § 216, et seq.
## Violation of the FLSA's Overtime Requirements

44. Plaintiff reasserts and re-alleges the previous allegations set forth in as if such allegations were set forth verbatim.

45. Plaintiff, individually and on behalf of others similarly situated, brings Count I (the "FLSA claim") as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all W-2 Vacuum truck Operators employed with White Castle Rose, LLC as described herein.

46. The FLSA claim may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

47. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to pay employees for all hours worked, including overtime compensation. The number and identity of other employees, yet to opt-in and consent to be parties, may be determined from the records of Defendant, and pretrial class members may easily and quickly be notified of the pendency of this action.

48. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207 (a)(1).

49. Defendants are subject to the regular and overtime pay requirements of the FLSA because they are an enterprise engaged in interstate commerce and their employees are engaged in commerce.

50. Defendants violated the FLSA by failing to pay employees regular and overtime compensation in accordance with 29 U.S.C. § 206(1)(c), § 207(a)(1), and § 207(e). In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of

all hours worked by their employees.

51. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. However, none of the FLSA exemptions apply to Plaintiff or other similarly situated employees.

52. Plaintiff and all other similarly situated employees are victims of a common policy, plan, and decision. This common policy, in violation of the FLSA, has been applied to all similarly situated employees in Defendants' employ.

53. Defendant's violations of the FLSA's overtime requirements include: (1) failing to include and account for all compensation earned by employees when calculating and paying non-exempt employees.

54. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

55. Plaintiff has suffered and continues to suffer damages for this violation of law in excess of the minimum jurisdictional limits of this Court.

## EQUITIBLE TOLLING

56. Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein, pleading in the alternative.

57. Defendants failed to apprise Plaintiffs and the collective class members of their rights under the FLSA by posting USDOL-compliant notices in the workplaces of Plaintiff and the

class members.

58. Plaintiff and the class members are entitled to a just and reasonable amount of equitable tolling.

**DEMAND FOR JURY TRIAL**

59. Plaintiff demands a trial by jury.

**CONDITIONS PRECEDENT**

60. All conditions precedent under all relevant statutes and laws have been satisfied

**DESIGNATION OF PLACE OF TRIAL**

61. Plaintiff designates San Antonio, Texas as the place for trial.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants and prays for:

a. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the Class;

c. Back pay damages, including unpaid overtime compensation, owed wages, monthly benefit differential loss, lost benefits,

d. liquidated damages to the fullest extent of the law;

e. pre and post-judgment interest;

f. attorney's fees, expenses, expert fees, and costs of court; and

g. any other relief, both at law or in equity, as the Court deems just and appropriate.

Respectfully submitted,

LAW OFFICE OF GLENN D. LEVY

By: */s/Glenn D. Levy*
GLENN D. LEVY
Texas State Bar No. 12264925
LAW OFFICE OF GLENN D. LEVY
906 West Basse Road | Suite 100
San Antonio, TX 78212
Telephone: (210) 822-5666
Facsimile: (210) 822-5650
ATTORNEY FOR PLAINTIFF